## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHALED AL HAJ,** | : | **CIVIL ACTION NO. 1:24-CV-1193** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **LSCI-ALLENWOOD WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Khaled

Al Haj, argues that the United States Bureau of Prisons ("BOP") has improperly

denied him time credits under the First Step Act ("FSA") that must be applied

towards time in prerelease custody because he is subject to an immigration detainer

imposed by United States Immigration and Customs Enforcement ("ICE"). The

petition will be granted, and the BOP will be required to conduct an individualized

assessment of whether Al Haj is entitled to have FSA time credits applied to

prerelease custody.

## I.    <u>Factual Background & Procedural History</u>

Al Haj, an inmate in Allenwood Low Security Correctional Institution

("LSCI-Allenwood"), is serving a 180-month sentence of imprisonment imposed by

the United States District Court for the Northern District of Texas for conspiracy to

distribute a controlled substance. (Doc. 8-2 at 3). His anticipated release date is

June 25, 2028, due to application of good time credits and First Step Act credits. (Id.

at 2, 4).

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id. Credits that have been earned under the FSA "shall be applied towards time in prelease custody or supervised release." Id. § 3632(d)(4)(C). The total amount of credits applied towards supervised release may not exceed 12 months. 18 U.S.C. § 18 U.S.C. § 3624(g)(3).

The BOP has applied the statutory maximum of 365 days of time credits towards Al Haj's early supervised release. (Doc. 1-3 at 1). Al Haj filed an administrative remedy request with the BOP requesting that the BOP apply additional credit he has earned to time in prerelease custody. (See Doc. 8-4). The BOP has refused to apply additional FSA time credits to Al Haj's transfer to prerelease custody, concluding that he is ineligible to have such credits applied to prerelease custody because he is subject to an immigration detainer issued by ICE and a relevant BOP program statement deems inmates with immigration detainers ineligible for transfer to prerelease custody. (See id.)

Al Haj filed the instant case on July 18, 2024, arguing that the BOP's policy barring inmates with immigration detainers from transfer to prerelease custody is improper and that any FSA time credits he has earned in excess of 12 months must

2

be applied towards his transfer to prerelease custody. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner.

Respondent responded to the petition on August 22, 2024, arguing that the petition should be dismissed for failure to exhaust administrative remedies, that this court does not have jurisdiction to review the BOP's decision whether to transfer an inmate to prerelease custody, and that the petition fails on its merits because BOP policy makes Al Haj ineligible for transfer to prerelease custody. (Doc. 8). Al Haj filed a reply brief on September 4, 2024, making the petition ripe for review. The case was then reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

## II.    Discussion

### A.    Jurisdiction

Respondent's jurisdictional argument will be analyzed as a threshold matter. To begin the discussion, however, the relevant statutory provisions must be briefly summarized.

Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621. Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP. 18 U.S.C. § 3624(c)(4). When

3

exercising this discretion, the BOP must conduct an individualized assessment of

whether an inmate should be transferred to prerelease custody based on the

following factors:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
> > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Id. § 3621(b); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Respondent argues that this court does not have jurisdiction to consider Al

Haj's petition because the decision whether to transfer a prisoner to prerelease

custody is left to the BOP's discretion under Sections 3621 and 3624. (Doc. 8 at 8-13).

Petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 may

challenge not just the validity but also the "execution" of a petitioner's sentence.

Woodall, 432 F.3d at 241 (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)).

In Woodall, the court considered whether a claim challenging the BOP's refusal to

transfer the petitioner to prerelease custody was a cognizable challenge to the

execution of the petitioner's sentence. Id. at 241-44.

Although the court in Woodall acknowledged that the "precise meaning of

'execution of the sentence' is hazy" the court agreed with earlier decisions by the

Second, Sixth, Ninth, and Tenth Circuits concluding that "prisoners challenging

the manner of their imprisonment may proceed under § 2241." Id. at 242-43. Thus,

the court in <u>Woodall</u> held, because the BOP's prerelease custody denial

"represent[ed] more than a simple transfer," a claim challenging the denial was a

cognizable claim under Section 2241 where a claim challenging a "garden variety

prison transfer" would not be. <u>Id.</u> at 243-44. The Third Circuit subsequently

confirmed in <u>Vasquez v. Strada</u>, 684 F.3d 431, 433 (3d Cir. 2012), that challenges to

the denial of placement in prerelease custody are cognizable in Section 2241 habeas

corpus proceedings. Habeas review of such claims is limited to determining

whether the BOP has properly exercised its discretion under 28 U.S.C. § 3621 in

considering the petitioner's request for transfer to prerelease custody. <u>See</u> <u>Vasquez</u>,

684 F.3d at 343 (citing <u>Barden v. Keohane</u>, 921 F.2d 476, 478 (3d Cir. 1991).

 Based on the Third Circuit's decisions in <u>Woodall</u> and <u>Vasquez</u>, this court

concludes that it has jurisdiction over Al Haj's petition. The Third Circuit has

expressly held in both cases that challenges to the BOP's denial of a transfer to

prerelease custody are cognizable in Section 2241 habeas corpus proceedings.

 This conclusion differs from a recent decision by another court in this

district, which holds that habeas claims challenging the BOP's denial of a transfer

to prerelease custody are not cognizable. <u>See</u> <u>Miles v. Arviza</u>, No. 3:24-CV-2252,

2025 WL 981870, at *2-5 (M.D. Pa. Apr. 1, 2025). The court in <u>Miles</u> acknowledges

the Third Circuit's holdings in <u>Woodall</u> and <u>Vasquez</u>, but holds that it is constrained

by the Third Circuit's decision in <u>Cardona v. Bledsoe</u>, 681 F.3d 533 (3d Cir. 2012) to

conclude that it lacks jurisdiction over a petition challenging the BOP's decision to

not transfer an inmate to prerelease custody. <u>Id.</u> Although this court acknowledges

the persuasive weight of <u>Miles</u>, the court finds that under the internal operating

procedures and precedent of the Third Circuit, it is <u>Woodall</u> and <u>Vasquez</u>, rather than <u>Cardona</u>, that control the jurisdictional analysis.

In <u>Cardona</u>, the Third Circuit considered whether a claim challenging the BOP's decision to transfer the petitioner to the Special Management Unit—a form of custody for inmates with a history of serious disciplinary infractions—was cognizable in a Section 2241 habeas corpus petition as a claim challenging the execution of the petitioner's sentence. <u>Cardona</u>, 681 F.3d at 531, 535-37. The court began its review by summarizing two earlier Third Circuit cases that analyzed what claims could be brought to challenge the execution of a sentence under Section 2241: <u>Woodall</u> and <u>McGee v. Martinez</u>, 627 F.3d 933 (3d Cir. 2010). The court reasoned that the claims at issue in <u>Woodall</u> and <u>McGee</u> were cognizable because they "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." <u>Cardona</u>, 681 F.3d at 536. "That is," the court explained, "both petitions claimed that the BOP was not properly 'putting into effect or carrying out' the directives of the sentencing judgment." <u>Id.</u> (cleaned up) (quoting <u>Woodall</u>, 432 F.3d at 243). Based on <u>Woodall</u> and <u>McGee</u>, the court in <u>Cardona</u> held that the petitioner could only challenge his placement in the SMU through a Section 2241 habeas corpus petition if the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." <u>Id.</u> at 537. Because the petitioner's claim did not argue that such an inconsistency was present, the court held that it was not a cognizable habeas corpus claim. <u>Id.</u>

Based on <u>Cardona</u>, the <u>Miles</u> court concludes that a petitioner can only challenge the BOP's refusal to transfer him to prerelease custody if he alleges that

the refusal is "somehow inconsistent with a command or recommendation in the sentencing judgment." <u>Miles</u>, 2025 WL 981870, at *3.

As noted above, this court concludes that Third Circuit precedent and internal operating procedure compel a different conclusion. Under Third Circuit precedent and internal operating procedure, a panel of the Third Circuit "cannot overrule an earlier binding panel decision; only the entire court sitting en banc can do so." <u>See, e.g.,</u> <u>Chester</u> *ex rel.* <u>N.L.R.B. v. Grane Healthcare Co.</u>, 666 F.3d 87, 94 (3d Cir. 2011) (citing Third Circuit I.O.P. 9.1). Thus, although <u>Cardona</u> limits the parameters of what claims may be brought to challenge the execution of a petitioner's sentence under Section 2241, the issue of whether a claim challenging the BOP's refusal to transfer a petitioner to prerelease custody is cognizable in a Section 2241 petition was already decided by <u>Woodall</u> and <u>Vazquez</u>, and <u>Cardona</u>, as a subsequent panel decision, cannot overrule or abrogate those decisions. <u>See</u> <u>Chester</u>, 666 F.3d at 94.

Furthermore, <u>Cardona</u> appears to reason that the holding in <u>Woodall</u> was based on the BOP's actions being in direct conflict with the recommendation of the sentencing judge, but even if that were the holding of <u>Woodall</u>, the <u>Vasquez</u> decision does not limit its holding in such a way and instead holds that all claims challenging the BOP's refusal to transfer a petitioner to prerelease custody are

cognizable under Woodall.[1] See Vasquez, 684 F.3d at 433 (citing Woodall, 432 F.3d at 243-44). Vasquez is a precedential decision of the Third Circuit that was issued before Cardona and therefore could not be overruled or abrogated by Cardona. See Chester, 666 F.3d at 94.

Thus, this court concludes that the jurisdictional issue is controlled by Woodall and Vasquez rather than Cardona. Under those cases, Al Haj's claim challenging the BOP's refusal to transfer him to prerelease custody is cognizable in a Section 2241 habeas corpus petition.

### B.    Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is

---

[1] The court in Miles notes that Vasquez analyzed the jurisdictional question only "perfunctorily," see Miles, 2025 WL 981870 at *3, but this was for good reason: the jurisdictional issue was already settled law under Woodall, and the Vasquez court therefore was bound to hold that it had jurisdiction because it could not overrule or abrogate Woodall. See Chester, 666 F.3d at 94.

exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez, 684 F.3d at 433-34 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Exhaustion in this case will be excused as futile. Al Haj's petition challenges the legal validity of a BOP policy that makes him categorically ineligible for placement in prerelease custody. Exhaustion is properly excused as futile in such a situation. See Woodall, 432 F.3d at 239 n.2 ("The District Court excused Woodall's failure to exhaust his administrative remedies . . . [because] Woodall is not challenging the application of the BOP regulations, but their validity . . . We agree with the District Court that the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies. . . .").

## C.     Merits of the Petition

As noted above, federal law requires the BOP to consider inmates for prerelease custody, 18 U.S.C. § 3624(c)(1), and in doing so, it must make an individualized determination based on consideration of:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
> > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

28 U.S.C. § 3621(b); Woodall, 432 F.3d at 247.

In this case, the BOP refused to apply Al Haj's FSA credits to prerelease custody because of a BOP program statement that deems inmates with immigration detainers ineligible for prerelease custody. (See Doc. 8-4). Although respondent argues that the BOP reviewed the five factors required by Section 3621(b) in refusing to transfer Al Haj to prerelease custody, he also concedes that the BOP's unit team "immediately determined that Al Haj was ineligible for RRC placement due to his detainer." (Doc. 8 at 15).

The BOP's categorical restriction on prerelease custody for inmates with immigration detainers violates Section 3621(b). The five factors listed in Section 3621(b) "must be taken into account" when determining whether to transfer an inmate to prerelease custody. Woodall, 432 F.3d at 244. "[T]he BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations." Id. That is exactly what the BOP has done here: rather than making individualized determinations, the BOP has categorically barred inmates with immigration detainers from being transferred to prerelease custody. Nothing in the statute permits such an action. Rather, "the statute indicates that the BOP *may* place a prisoner where it wishes, *so long as* it considers the factors enumerated in § 3621." Id. (emphasis in original). By automatically removing inmates from consideration for prerelease custody based on their immigration detainers, the BOP is impermissibly ignoring the five factors that

10

it must consider in making an individualized determination. Id. at 247.[2] Under

Woodall, the appropriate remedy for this violation of Section 3621(b) is a writ of

habeas corpus "requiring the BOP to consider—in good faith" whether Al Haj

should have FSA credits applied towards time in prerelease custody. Id. at 251. The

petition for writ of habeas corpus will accordingly be granted.[3]

## III.    Conclusion

The petition for writ of habeas corpus is granted. A writ of habeas corpus will

issue requiring the BOP to consider in good faith whether Al Haj is entitled to have

FSA time credits applied towards time in prerelease custody. An appropriate order

shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    April 15, 2025

---

[2] Respondent argues that "Congress clearly intended that the BOP has the sole discretion on RRC placement and the BOP acted within that delegated authority when it denied RRC placement." (Doc. 8 at 16). In granting discretion to the BOP, however, Congress also "express[ed] an intent to withhold from the BOP the authority to make CCC placements without the guidance of the statutory factors" enumerated in Section 3621(b). Woodall, 432 F.3d at 247.

[3] The court's grant of the writ of habeas corpus shall not be construed as a holding that the BOP is barred from considering Al Haj's immigration detainer when it makes the individualized determination of whether he should be transferred to prerelease custody. "The question whether the BOP may consider additional factors is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself." Woodall, 432 F.3d at 247. This court holds simply that the BOP may not categorically withhold a transfer to prerelease custody based on an inmate's immigration detainer. The question of whether the immigration detainer may be considered as an additional factor in the individualized determination required by Section 3621(b) is not before the court and the court is not ruling on that issue.